# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 9, 2010

No. 10-50272
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE MELVIN ABREGO-MEJIA,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:10-CR-1-1

Before DEMOSS, STEWART, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jose Melvin Abrego-Mejia (Abrego) pleaded guilty without a written plea agreement to illegal reentry after removal and was sentenced within the advisory guidelines range to 46 months of imprisonment and three years of supervised release.

Abrego argues that an appellate presumption of reasonableness should not apply to his sentence because the illegal reentry Sentencing Guideline § 2L1.2, is not supported by empirical data. He correctly acknowledges, however, that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50272

this argument is foreclosed by this court's precedent, and he asserts that he is raising it only to preserve it for future review. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009).

Abrego also argues that the district court imposed a sentence greater than necessary to meet the goals of sentencing in 18 U.S.C. § 3553(a) and that his sentence is, therefore, substantively unreasonable. He contends that (1) the Sentencing Guidelines' double-counting of his prior aggravated assault conviction in both his criminal history and his offense level calculations resulted in a guidelines range that was greater than necessary to deter future crime and protect the public; and (2) the Sentencing Guidelines did not take into account the fact that he was a hard worker who was working to earn money to send back to his impoverished relatives in El Salvador, who had been displaced by an earthquake. Because Abrego did not raise this argument before the district court, we review for plain error. *See United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007).

The record demonstrates that the district court considered the § 3553(a) factors and Abrego's arguments at sentencing before determining that Abrego's within-guidelines sentence was appropriate. Abrego has failed to rebut the presumption of reasonableness that this court applies to his within-guidelines sentence. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). Accordingly, Abrego has not shown that the district court committed plain error by imposing an unreasonable sentence. *See Peltier*, 505 F.3d at 391-92.

AFFIRMED.